IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Boards of Trustees of the :
Ohio Laborers' Fringe
Benefit Programs, :

    Plaintiffs, :

v. : Case No. 2:05-cv-0036

K&M Contracting of Ohio, : JUDGE WATSON
Inc., et al.,
                                   :

    Defendants.

OPINION AND ORDER

    On January 12, 2005, Plaintiffs, an association of three employee benefit trust funds and one labor management cooperative trust governed by the Employee Retirement Income Security Act, 29 U.S.C. §§1001, et seq., filed an action against defendants K&M Contracting of Ohio, Inc. as successor to Quality Cement, Inc., president of K&M Contracting and Quality Cement, Michael Chizmar, and Quality Cement, Inc. for payment of delinquent fringe benefit contributions, interest, liquidated damages, and costs. See 29 U.S.C. §1132(g)(2). Each defendant was served with a summons and copy of the complaint on February 23, 2005. Defendants did not answer or otherwise defend. On March 7, 2005, Plaintiffs filed a suggestion of bankruptcy as to Mr. Chizmar and voluntarily dismissed him as a defendant on March 8, 2005. On April 29, 2005, Plaintiffs moved for entry of default against K&M Contracting and Quality Cement. On May 2, 2005, default was entered against K&M Contracting and Quality Cement pursuant to Fed. R. Civ. P. 55(a). On May 4, 2005, Plaintiffs moved for

default judgment and a permanent injunction against K&M Contracting and Quality Cement. For the following reasons, Plaintiffs' motion for default judgment against Quality Cement will be granted. Plaintiffs' motion for default judgment against K&M Contracting and for a mandatory injunction will be denied.

I.

The following statement of facts is taken from the complaint and motion for default judgment. The instant action is brought by the Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs. Plaintiffs are an association of three employee benefit trust funds including the Ohio Laborers' District Council - Ohio Contractors' Association Insurance Fund, Laborers' District Council and Contractor's Pension Fund, Ohio Laborers' Training and Upgrading Trust Fund, and one labor management cooperative trust known as Ohio Laborers' District Council - Ohio Contractors Association Cooperation and Education Trust. These funds are obligated to collect contributions for the LIUNA Tri-Funds.

K&M Contracting, successor to Quality Cement, is an employer within the meaning of ERISA, 29 U.S.C. §1002(5). Quality Cement entered into collective bargaining agreements with local unions. Plaintiffs claim that, as a result of entering into the collective bargaining agreements, Quality Cement and its successor K&M Contracting are bound to the Agreements and Declarations of Trust establishing the Ohio Laborers' Fringe Benefit Programs and the LIUNA Tri-Funds. The Agreements and Declarations of Trust obligate Defendants to file monthly contribution reports, permit audits of its financial records, and make monthly contributions to the Ohio Laborers' Fringe Benefit Programs on behalf of all persons employed by Defendants within the trade and territorial jurisdiction of a "laborer" as defined in the collective bargaining agreements.

Plaintiffs filed the instant action claiming that Defendants allegedly breached the Agreements and Declarations of Trust by failing to timely submit contribution reports. In the complaint, Plaintiffs claim that Defendants failed to make payments of $8,220.40 for the months July and August 2004. Plaintiffs seek judgment in that amount as well as judgment for an undetermined amount for unpaid contributions for the period December 2002 to the present. For both of those amounts, Plaintiffs seek liquidated damages or interest at the rate of 1 percent per month, whichever is greater, plus interest upon all late and unpaid contributions. Plaintiffs request reasonable attorney fees and the costs of collection. It is on the basis of these facts that the motion for default judgment will be decided.

II.

Plaintiffs move for default judgment against Quality Cement, which is the entity that actually entered into the collective bargaining agreements, and K&M Contracting, which is alleged to be the successor in interest to Quality Cement. See Complaint ¶3. A party that is in default for failure to file an answer is deemed to have admitted all the material allegations in the complaint. See Fed. R. Civ. P. 8(d). When ruling on a motion for default judgment, a plaintiff's well-pleaded allegations as to the defendant's liability are normally accepted as true. See Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995). Thus, it is accepted as true that K&M Contracting is the successor in interest to Quality Cement.

However, the fact that a party may be a successor in interest does not mean that the party is bound by its predecessor's collective bargaining agreement. In Southward v. South Cent. Ready Mix Supply Corp., 7 F.3d 487 (6th Cir. 1993), the Sixth Circuit Court of Appeals explained that in order for a successor employer to be bound by its predecessor's collective

3

bargaining agreement, "the successor must be the 'alter ego' of the predecessor[] or the successor must have voluntarily assumed the obligations of the agreement." Id. at 493. In the complaint, there are no facts that would lead the Court to find that K&M Contracting is the "alter-ego" of Quality Cement or that it voluntarily assumed the obligations of the collective bargaining agreement. Therefore, the Court cannot conclude that K&M Contracting is subject to the collective bargaining agreements that were entered into by Quality Cement. See Cotton v. Massachusetts Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005)(explaining that although a defendant in default is deemed to have admitted the factual allegations set forth in the complaint, the defendant is not deemed to have admitted pure conclusions of law). Therefore, Plaintiffs' motion for default judgment against K&M Contracting will be denied.

In the motion for default judgment, Plaintiffs seek judgment of $10,576.86 in unpaid contributions for May 2004 through September 2004 and $2,336.25 in liquidated damages and interest. See 29 U.S.C. 1132(g)(2). Plaintiffs provided the affidavit of their audit supervisor, Cyndi Cannon, in which she attests to the fact that Defendants owe a total of $12,913.11. See Plaintiffs' Motion for Default Judgment at Cannon Aff. ¶3; see also Exh. C.

The Court notes that the amount of $12,913.11 is greater than the amount of $8,220.40 that was set forth in the complaint. Under Fed. R. Civ. P. 54(c), "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." See National Discount Corp. v. O'Mell, 194 F.2d 452, 455-456 (6th Cir. 1954). The Court concludes that the amount sought in the motion for default judgment does not exceed the amount prayed for in the complaint. In addition to the amount quantified in the complaint, judgment also was sought for an unknown amount for the period December 2002 to the

present. The amount of $12,913.11 requested in the motion for default judgment is for the months May 2004 through September 2004 which falls within the period set forth in the complaint. Therefore, an award in this amount is permitted.

Plaintiffs also seek an award of attorney fees in the amount of $1,531.25. Plaintiffs' attorney, Steven L. Ball, claims to have invested 8.75 hours in this matter at a rate of $175.00 per hour for a total of $1,531.25 in attorney fees. See Plaintiffs' Motion For Default Judgment at Ball Aff. ¶5 and Exh. D. Plaintiffs also seek recovery of costs. Although Plaintiffs do not set forth the costs incurred apart from attorney fees, the Court judicially notices that Plaintiffs incurred a cost of $150.00 as a filing fee for commencing this action.

Based on the above, as against Quality Cement, the Court will award $12,913.11 for past due fringe benefit contributions, liquidated damages, and interest on unpaid contributions. Interest at 1 percent per month will be assessed until the judgment is paid. The Court concludes that the attorney fees are reasonable and will award the requested $1,531.25. The Court also will award costs of $150.00.

### III.

Plaintiffs also seek a mandatory injunction requiring Defendants to submit contribution reports by the 15th of each month. In order to obtain an injunction, a party must "demonstrate that failure to issue the injunction is likely to result in irreparable harm" and that "there is no other adequate remedy at law." United States v. Miami University, 294 F.3d 797, 816 (6th Cir. 2002). In Laborers Fringe Benefit Funds Detroit & Vicinity v. Northwest Concrete and Construction, Inc., 640 F.2d 1350 (6th Cir. 1981), the court explained that an injunction was warranted against the defendant who had "shown persistent contempt for the judicial process" and who was very likely to

5

"continue to withhold employee benefit contributions from the Fund" given that the defendant had not yet satisfied an earlier court judgment ordering it to pay past due fringe benefit contributions. Id. at 1353. The court further noted that the defendant had "scorn[ed] [its] responsibilities under our labor laws and ignore[d] the mandates of our courts." Id.

In the instant action, there is no allegation that Quality Cement has shown contempt for the judicial process or has a pattern of ignoring Court orders. Therefore, Plaintiffs' motion for a mandatory injunction will be denied. However, as requested by Plaintiffs, Quality Cement will be ordered, within 15 days of the date of this order, both to submit to Plaintiffs contribution reports for the period September 2004 to the present and to provide Plaintiffs with access to its payroll records for the period December 2002 through October 2004.

IV.

Based on the foregoing, Plaintiffs' motion for a mandatory injunction is DENIED. Plaintiffs' motion for default judgment (file doc. #12) is GRANTED with respect to Quality Cement but DENIED with respect to K&M Contracting. Quality Cement is ORDERED, within 15 days of the date of this Order, both to submit to Plaintiffs contribution reports for the period September 2004 to the present and to provide Plaintiffs with access to its payroll records for the period December 2002 through October 2004. Plaintiffs shall file a motion for judgment based on these records within 30 days thereafter.

_____
MICHAEL H. WATSON
United States District Judge